MARIAN KEENAN v. GEORGE A. JOHNSON and Others.[1]

May 27, 1910.

Nos. 16,619—(109).

Purchase of judgment — findings — evidence.

*Held*, that the facts found by the trial judge sustain his conclusions of law, and that the evidence received to prove such facts was competent and relevant.

[1]Reported in 126 N. W. 523.

Action in the municipal court of St. Paul against George A. Johnson to recover $345, which defendant promised to pay for a certain judgment of $350 in favor of the plaintiff, which she had assigned to defendant. C. C. McElwee and Dan J. Hollihan intervened. The substance of their complaint in intervention is stated in the opinion. The case was tried before Finehout, J., who found that defendant Johnson was entitled to judgment of dismissal; that interveners McElwee and Hollihan were entitled to judgment against plaintiff for $250 and against the sum of $345 on deposit with the clerk of court, and that the balance $90 should be held by the clerk of court, subject to further order of court. The judgment entered was for the sum of $250 and costs against plaintiff. From the judgment entered, plaintiff appealed. Affirmed.

*A. J. Hertz,* for appellant.

*McElwee & Hollihan,* pro se.

START, C. J.

The complaint alleged that the plaintiff recovered a judgment against the city of St. Paul for $350, and assigned it to the defendant Johnson, who agreed to pay her therefor $345, and demanded judgment for such purchase price. The answer, as amended, admitted the purchase of the judgment and the price, but alleged that only $148.33 was to be paid to the plaintiff, and the balance to two other parties in equal shares, and, further, that the defendant was ready so to pay the purchase price. By stipulation of the parties the $345 was deposited with the court for the benefit of the respective parties, who should establish a right to any portion thereof. The respondents, McElwee and Hollihan, intervened, and alleged in their complaint of intervention that they were entitled to $250 of the purchase price by reason of the facts therein alleged, which were to the effect following: The interveners were the attorneys of the plaintiff and for two other parties, Sarah Linstad and Mary Harris, to prosecute the separate claim of each of them against the city of St. Paul for damages sustained by defective streets. The interveners settled all of the claims by the authority of each of the parties for $350, for which gross sum judgment, for convenience and to save costs,

was to be entered against the city and in favor of the plaintiff herein, and from the proceeds of such judgment there should be paid to the plaintiff $150, and $100 to each of the parties named; that the interveners have succeeded to the rights of the other two parties in the proceeds of such judgment; and, further, that the plaintiff agreed to pay the interveners $50 for their fees out of her share of such proceeds. The interveners' complaint was put in issue by plaintiff's answer thereto.

The trial court found the facts substantially as alleged in the interveners' complaint, and as a conclusion of law found that they were entitled to judgment against the plaintiff and against the sum of $345 so deposited in court. The order for judgment is not entirely clear, but evidently the intention was to direct that judgment be entered in favor of the interveners and against the plaintiff for payment to them of the sum of $250 out of the fund in court. The judgment entered, however, was simply a personal one against the plaintiff for $250, from which the plaintiff appealed.

The first contention of the defendant is that in no event were the interveners entitled to a personal judgment against the plaintiff. It must be conceded that the judgment was not entered as directed, as it omitted all reference to the fund in court, which was, as between the plaintiff and interveners, the subject-matter of litigation. No application was made to the court to correct it. The objection cannot be made in this court for the first time. Dunnell, Pr. § 1235.

The other assignments of error raise two questions, namely: Are the facts found by the trial court sustained by the evidence? If so, was the evidence received over the objections of the plaintiff competent and relevant? A reading of the record satisfies us that the findings of fact are sustained by the evidence. The contention of the plaintiff as to the competency of the evidence is to the effect that it was a collateral impeachment of the judgment, and an attempt to show that the judgment in favor of the plaintiff, entered upon her complaint for damages against the defendant in her action, was in fact entered upon considerations other than those alleged in her complaint. The record does not sustain the contention, for it shows that the evidence was offered and received, not to impeach the judg-

ment, but to show an agreement between the plaintiff and third parties as to the distribution of the proceeds of the judgment.

Judgment affirmed.